# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6294 | **DATE** | 10/20/2011 |
| **CASE TITLE** | Marcus L Campbell (#2011-0216076) vs. Anita Alvarez | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, and even when liberally construing Plaintiff's complaint, he has failed to state a valid claim for relief. Therefore, the instant action is dismissed. All pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Marcus L. Campbell's (Campbell) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Campbell alleges that on March 28, 2004, he pled guilty in state court to charges of unlawful restraint and aggravated battery. Campbell contends that he was not made aware of all the consequences of his plea of guilty, such as that he would need to register as a sex offender. Campbell brings the instant action pursuant to 42 U.S.C. § 1983 (Section 1983) against Anita Alvarez and the Cook County State's Attorney's Office for alleged violations of his constitutional rights. However, Campbell does not allege facts that suggest that Defendants violated any of his constitutional rights. Campbell states in a conclusory fashion that the "State malic[i]ously prosecuted" him and committed "defamation of character," but he fails to allege facts that plausibly suggest any federal claim to relief. (Compl. 4).

In addition to the above, Campbell has not shown that it was incumbent upon Defendants to inform

| STATEMENT |
|---|
| Campbell of the consequences of his guilty plea. Campbell has not alleged any facts to suggest any type of conspiracy involving Defendants to deceive Campbell as to the consequences of his guilty plea. Nor was the judgment order requiring Campbell's registration, that Campbell now seeks to challenge, entered by any of the Defendants. Campbell specifically seeks as relief in this case that he not be required to register as a sex offender. (Compl. 5). If Campbell believes that his plea should be vacated because he did not enter into the agreement knowingly, a Section 1983 action in federal court is not the proper manner in which to challenge his plea. Since Campbell is proceeding *pro se*, the court has liberally construed his complaint. However, even when liberally construing his complaint, he has failed to state a valid claim for relief. Therefore, the instant action is dismissed. All pending motions are stricken as moot. |